## H. S. REEVES *v.* THE STATE.

1. GAMING TABLES.— Article 358 of the Penal Code, which denounces a penalty against any person who shall exhibit a table or alley for the purpose of gaming, was not repealed by article 4665 of the Revised Statutes, which levies an occupation tax on tables or alleys kept for profit.

2. SAME.— Prior to March 24, 1881, the penalty denounced by said article 358 was judicially held inapplicable to tables or alleys permitted and taxed by law; but in an enactment of that date the legislative will has been otherwise declared. That penalty, therefore, is now in force against any person who exhibits a table or alley for the purpose of gaming, notwithstanding he has paid the occupation tax on such table or alley, and though only the table or alley fees are wagered.

APPEAL from the County Court of Williamson. Tried below before the Hon. GEORGE W. GLASSCOCK, County Judge.

The indictment was presented January 26, 1882, and charged that the appellant, on December 24, 1881, unlawfully kept and exhibited for purposes of gaming a certain

gaming table, to wit, a pool table.  The jury found appellant guilty and assessed his fine at $50.

The State proved by three witnesses that, from September 3, 1881, to January 11, 1882, in Georgetown, Williamson county, the defendant kept in his saloon a pool table, and charged players upon it five cents per cue.  During the time specified the witnesses and many other persons played upon the table.  It was kept and played on with the understanding that the loser was to pay the table fees for all players at the game, at the rate of five cents a cue.  When a game was out, defendant would furnish to each player a check or ticket, and the loser would pay him for all the tickets.  The checks or tickets were good at defendant's bar for five cents each, in drinks or cigars.  Persons who won received a ticket apiece.

Defendant proved that on September 3, 1881, he paid to the tax-collector of Williamson county seventy-five dollars, the State and county tax on the said pool table, and he introduced the comptroller's receipt, which purported to authorize him to "pursue the occupation of pool table for the period of one year, commencing the 3d day of September, 1881, and closing the 2d day of September, 1882, at Georgetown, in Williamson county."

*Makemson, Fisher & Price*, and *J. W. Posey*, for the appellant.

*H. Chilton*, Assistant Attorney General, for the State.

WINKLER, J.  The indictment upon which the appellant was tried and convicted charges that H. S. Reeves, in Williamson county, Texas, on December 24, 1881, "did then and there unlawfully keep and exhibit for the purpose of gaming a certain gaming table, to wit: a pool table."  On the trial in the County Court, to which the case had been transferred, the defense interposed a plea substantially as follows: That the table upon which the

charge in the indictment was predicated was a table on which the law had imposed a tax, which the defendant had paid; and that therefore he had not violated any law for a violation of which he could be punished criminally.

This court, upon a construction of the laws then in force, when the cases of *Chiles* v. *State*, 1 Texas Ct. App. 27, and *Harris* v. *State*, 9 Texas Ct. App. 308, were decided, held that the State could not punish criminally a citizen for the doing of an act from which the State derived any part of its revenues. Since those cases were decided, however, the Legislature has materially changed the law. Hence the laws in force then do not furnish a safe rule for the decision of the case now under consideration. This case must be determined by the laws in force when the offense is alleged to have been committed, and which were in force at the time of the trial, and are still in force. On March 24, 1881, an act was passed which contained among others the following clauses: "For every billiard, bagatelle, pigeon-hole, devil-among-the-tailors or Jenny Lind table, or anything of the kind used for profit, fifty dollars" shall be levied and collected as an annual occupation tax. To which is appended, as applicable to this case and that portion of the *act* set out above, the following: "*provided*, that the fact that a tax is levied by this article upon bagatelle, pigeon-hole, devil-among-the-tailors, Jenny Lind table, or anything of the kind used for profit, and upon any nine or ten pin alley, or other alley used for profit, shall not be construed to exempt from the punishment prescribed by law, any person who may violate any of the provisions of chapter 3 of the Penal Code." Genl. Laws 17th Legislature, pp. 56, 58, 59.

This prosecution is maintainable (Penal Code, art. 358) unless, as argued by counsel for the appellant, this article was repealed by art. 4665 of the Revised Statutes. We here extract from the brief of counsel two portions which indicate sufficiently the views entertained by appellant's counsel on this subject:

Art. 358 of the Criminal Code, which affixes the penalty for "keeping or exhibiting for the purposes of gaming any gaming table or bank," etc., was repealed by art. 4665 of the Revised Statutes of 1879, which levies a license tax of fifty dollars "for any billiard table, bagatelle, pigeon-hole, devil-among-the-tailors, or Jenny Lind table or anything of the kind used for profit," and never having been re-enacted it is no offense to keep or exhibit for the purpose of gaming a pool table.

The act of the 17th Legislature entitled "An act to amend arts. 364 and 365 of an act entitled an act to adopt and establish a Penal Code and Code of Criminal Procedure for the State of Texas," etc., has no reference to art. 358 of the Penal Code, and does not in any way revive the repealed law making it an offense to keep or exhibit for the purpose of gaming any gaming table or bank.

"If art. 358 of the Penal Code was repealed by art. 4665 of the Revised Statutes on 1st September, 1879, the *proviso*, 'That the fact a tax is levied by this article upon bagatelle, pigeon-hole, devil-among-the-tailors, Jenny Lind table or anything of the kind used for profit, and upon any nine or ten pin alley or other alley used for profit, shall not be construed to exempt,' cannot be held to revive the act repealed, but can only operate upon those laws against gaming which are in force."

It will be seen that the idea that art. 358 of the Penal Code was repealed by art. 4665, Revised Statutes, rests in part at least upon the fact that this court in construing these laws held that the two laws could not be reconciled, and that the last law enacted should stand as the legislative will, and that because the latter law provides for the levying of a tax, the penal laws could not be enforced. Since then, however, the very difficulty in the way of reconciling the two laws so that both enactments might stand has been removed by the enactment of the provision set out above, which to our minds is a clear and unequivocal expression of the legislative will to the effect

that the fact that a tax is levied upon the table should not thereafter be construed to exempt from punishment those who use the table for purposes which come in conflict with and in violation of the penal laws.

The effect of the provision is simply to change the rule of construction heretofore placed upon the acts mentioned, and not to make a law which had, by the construction given to them, been repealed by judicial interpretation. This, we are of opinion, is the proper construction to be placed upon the act and the *proviso* in the act of March, 1881. This legislation upon the subject under consideration may be reconciled with the penal statutes so that the will of the Legislature can be definitely settled, so that all can be harmonized, and that all may stand as law, and be enforced by the judiciary. Thus art. 358 of the Penal Code must be construed in harmony with the *proviso* found in the act of 1881; that is, that such table shall be considered as being used for gaming purposes, if the table fees, or money, or anything of value is bet thereon, notwithstanding a tax may be imposed which the party has paid. We find no error in the judgment, and it is therefore affirmed.

*Affirmed.*